UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Gregory R. Massey & James P. Turitto, as Trustees of the Minnesota Cement Masons Pension Fund; Timothy Worke and Gregory R. Massey, as Trustees Of the Minnesota Cement Masons Health & Welfare Fund; Gregory R. Massey & James P. Turitto, as Trustees of the Minnesota Cement Masons – Plasterers-Shophands Journeyman and Apprentice Training Fund; & Robert Ridge & Timothy Worke, as Trustees of the Minnesota Cement Masons – Plasterers – Shophands Local 633 Savings Trust Fund,<br><br>      Plaintiffs,<br><br>v.<br><br>A & A Stanley Construction, Inc., a Minnesota Corporation; & Aaron Stanley,<br><br>      Defendants. | Civ. No. 12-572 (JNE/LIB)<br><br><br><br><br><br><br><br><br><br>**REPORT AND RECOMMENDATION** |

      This matter came before the undersigned United States Magistrate Judge upon the Plaintiffs' Motion Compelling Audit, Posting of Bond and Entry of Judgment. The case has been referred to the undersigned Magistrate Judge for report and recommendation under 28 U.S.C. § 636(b)(1). For reasons outlined below, the Court recommends that Plaintiffs' Motion be GRANTED.

      The Court originally heard oral arguments on May 24, 2012 regarding Plaintiffs' Motion To Compel Fringe Benefit Audit and Posting of Bond. However, at that hearing, the undersigned informed the Plaintiffs that the motion was in the nature of a dispositive motion which was required to be presented to the District Court Judge. See Cook v. Alliance Concrete & Masonry, LLC, Civ. No. 08-4776 (JNE/JJK), 2008 WL 4933758 (D. Minn. Nov. 14, 2008);

Cook v. Griffin, 2009 WL 1309797, Civ. No. 09-140 (JNE/RLE), 2008 WL 1309797 (D. Minn. May 8, 2009).  The undersigned directed the Plaintiffs to refile their motion in the form of a motion for default judgment with the District Court Judge.  After the motion papers were filed, District Court Judge Joan Ericksen referred the motion to the undersigned for a report and recommendation.

Courts may order a fringe benefit audit and the posting of bond when considering a plaintiff's motion seeking default judgment.  See e.g., Trustees of the Minnesota Cement Masons & Plasterers Fringe Benefit Funds v. Keith Rule, Inc., Civ. No. 06-205 (RHK/RLE), 2006 WL 980817 (D. Minn. Apr. 12, 2006); Johnson v. Storms, Inc., 11-CV-3604 (MJD/FLN), 2012 WK 137379376 (D. Minn. Apr. 20 2012); Mason Tenders Dist. Council Welfare Fund v. A.G.I., Inc., No. 03 Civ. 1238RLCKNF, 2005 WL 1565831 (S.D. N.Y. June 8, 2005).  The Court considers the appropriateness of such relief below.

Based on the files, records, and proceedings herein, the Court makes the following proposed findings of fact, conclusions of law, and order.

## PROPOSED FINDINGS OF FACT

1. The Defendants were served with the Summons and Complaint in the present action on March 9, 2012.  (Docket No. 2).

2. Defendants have failed to Answer, or otherwise defend, and are in default

3. On April 10, 2012, a clerk's entry of default against Defendants was entered.

4. Plaintiffs are fiduciaries of multiemployer fringe benefit plans defined by 29 U.S.C. § 1002(37), which are established to provide pension, health and welfare, and other benefits to employees doing work in the construction trades, pursuant to a written agreement.

5. Defendant A & A Stanley is an employer of employees doing work in the cement mason trade. Moreover, Defendant is a signatory to an Independent Agreement executed on October 14, 2011 which binds it to the Iron Range Area Collective Bargaining Agreement (the "Collective Bargaining Agreement" or "CBA") between the Independent Cement Masons Contractors, and the Cement Masons, Plasterers and Shophands Local No. 633 of Minnesota, North Dakota and Northwest Wisconsin.

6. Pursuant to the provisions of the Agreement, as the individual owner, partner and stockholder signing for the employer, A & A Stanley Construction, Inc., Defendant Aaron Stanley is personally and individually bound to the Independent Agreement and the CBA pursuant to the provisions of the Independent Agreement. (Massey Aff., Ex. B).

7. The CBA covers the period of July 11, 2011 through April 30, 2014.

8. Pursuant to the Collective Bargaining Agreements, Defendant is obligated to submit to Plaintiffs' Third-Party Administrator ("TPA"), Zenith American Solutions, monthly fringe benefit contribution report forms indicating the fringe benefit contribution payments amounts due for the prior month, together with the corresponding fringe benefit contribution payments for each hour worked by all employees covered by the CBA. The report forms and fringe benefit contributions are due on or before the 15th day of the month following the month during which the work was performed.

9. Plaintiffs' trustees or their authorized agents may conduct periodic fringe benefit compliance audits to determine the veracity of employer monthly reporting of fringe benefit contribution payments.

10. Pursuant to the Independent Agreement and Article 19(5)(f) of the CBA, on demand, Defendants must also provide Plaintiffs' TPA or the Trustees with all necessary employment,

payroll and other relevant information for fringe benefit payroll audits.  Article 19 further states that if the employer fails or refuses to furnish its payroll records to Plaintiffs or their authorized agents upon demand, or refuses to give the Plaintiffs or their authorized agents reasonable opportunity to examine the records in accordance with standard auditing procedures, the Plaintiffs may enforce such rights by legal action.

   11.  Article 19(5)(c) of the CBA provides that Defendants are required to post with Plaintiffs' TPA a bond of $7,500 if Defendants fail to timely submit fringe benefit contribution report forms or fringe benefit contribution payments.

   12.  Defendants have failed to submit to Plaintiffs' TPA fringe benefit contribution report forms and fringe benefit contribution payments for work performed in October 2011, November 2011, and thereafter, failed to comply with Plaintiffs' February 8, 2012 written demand for an audit.  In addition, Defendants have not posed the required $7,500 bond.

   13.  The CBA and 29 U.S.C. § 1132(g)(2)(c) provide that Defendants are liable for liquidated damages in the amount of ten percent (10%) of the unpaid fringe benefit contributions, as well as interest on the unpaid contributions at the rate provided in 26 U.S.C. § 6621 and reasonable attorney fees and costs of this action.

## PROPOSED CONCLUSIONS OF LAW

   1.  Defendants are liable for all delinquent fringe benefit contribution payments, liquidated damages in the amount of ten percent (10%) of the unpaid fringe benefit contribution amount, interest, and reasonable attorney fees and costs.

   2.  Defendants are obligated to post with Plaintiffs' TPA a cash or surety bond in an amount of $7,500.00.

3. Plaintiffs' motion for entry of Defendants' default and for default judgment pursuant to Rule 55 of the Fed. R. Civ. P. should be granted.

Based on the foregoing, it is hereby RECOMMENDED that:

1. The Plaintiffs' Motion to Compel Fringe Benefit Audit and Posting of Bond (Docket No. 6) and the Plaintiff's Motion for Order Compelling Audit, Compelling Posting of Bond, and for Entry of Default Judgment (Docket No. 15) be GRANTED.

2. Defendants are in default, and Plaintiffs are entitled to judgment against Defendants, jointly and severally, for delinquent fringe benefit contribution payments, together with interest, liquidated damages of ten percent (10%) of the unpaid contributions, interest on the unpaid contributions, and the reasonable attorney fees and costs of this action.

3. Defendants are to submit to Plaintiffs' TPA all employment and payment records and other information relevant to a fringe benefit audit within 14 days of service of the Order adopting this Report and Recommendation.

4. The Defendants shall cooperate in all ways with this audit.

5. Defendants are required to post with Plaintiffs' TPA a cash or surety bonds of $7,500 within 14 days of service of the Order adopting this Report and Recommendation.

6. Defendants, acting through their directors, officers, agents, servant, employees, shareholders, and all persons acting in privity or in concert with them, are mandated to submit to Plaintiffs' TPA all fringe benefit contribution Report Forms and all fringe benefit contribution payments as they become due.

7. Upon completion of the fringe benefit compliance audit of Defendants' books and records, Plaintiffs' attorney shall file an affidavit stating the amount of delinquent fringe benefit contributions, interest, liquidated damages, and interest on the unpaid contributions, and an

affidavit of Plaintiffs' counsel setting forth amount of the reasonable attorneys fees and costs of the action.  Upon the Court's approval of Plaintiffs' attorney's affidavit, the Clerk of Court shall enter judgment against Defendants, jointly and severally, in the amount stated in the affidavit.

8.   The Plaintiffs' counsel shall mail a copy of the Final Order to each of the Defendants at their last known address by both first class mail and by certified mail, return receipt requested.


Dated: July 30, 2012                                            s/Leo I. Brisbois
                                                                LEO I. BRISBOIS
                                                                United States Magistrate Judge

N O T I C E

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **August 13, 2012,** a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections within fourteen days of service thereof. Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.