UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * *

Gregory R. Massey & James P. Turitto, as          Civ. No. 12-572 (JNE/LIB)
Trustees of the Minnesota Cement Masons
Pension Fund; Timothy Worke and Gregory
R. Massey, as Trustees of the Minnesota
Cement Masons Health & Welfare Fund;
Gregory R. Massey & James P. Turitto, as
Trustees of the Minnesota Cement Masons
- Plasterers - Shophands Journeyman and
Apprentice Training Fund; & Robert Ridge
& Timothy Worke, as Trustees of the
Minnesota Cement Masons - Plasterers -
Shophands  Local 633 Savings Trust Fund,

        Plaintiffs,

    vs.                                                           ORDER

A & A Stanley Construction, Inc., a
Minnesota Corporation; & Aaron Stanley,

        Defendant.

* * * * * * * * * * * * * * * *

Based upon the Report and Recommendation of United States Magistrate Judge Leo I.

Brisbois, and after an independent review of the files, records and proceedings in the above-entitled

matter, it is --

ORDERED:

1.      The Plaintiffs' Motion to Compel Fringe Benefit Audit and Posting of Bond [Docket

No. 6] and the Plaintiff's Motion for Order Compelling Audit, Compelling Posting of Bond, and for

Entry of Default Judgment [Docket No. 15] is GRANTED.

2.      Defendants are in default, and Plaintiffs are entitled to judgment against Defendants, jointly and severally, for delinquent fringe benefit contribution payments, together with interest, liquidated damages of ten percent (10%) of the unpaid contributions, interest on the unpaid contributions, and the reasonable attorney fees and costs of this action.

3.      Defendants are to submit to Plaintiffs' TPA all employment and payment records and other information relevant to a fringe benefit audit within 14 days of service of the Order adopting the Report and Recommendation.

4.      The Defendants shall cooperate in all ways with this audit.

5.      Defendants are required to post with Plaintiffs' TPA a cash or surety bonds of $7,500 within 14 days of service of the Order adopting this Report and Recommendation.

6.      Defendants, acting through their directors, officers, agents, servant, employees, shareholders, and all persons acting in privity or in concert with them, are mandated to submit to Plaintiffs' TPA all fringe benefit contribution Report Forms and all fringe benefit contribution payments as they become due.

7.      Upon completion of the fringe benefit compliance audit of Defendants' books and records, Plaintiffs' attorney shall file an affidavit stating the amount of delinquent fringe benefit contributions, interest, liquidated damages, and interest on the unpaid contributions, and an affidavit of Plaintiffs' counsel setting forth amount of the reasonable attorneys fees and costs of the action. Upon the Court's approval of Plaintiffs' attorney's affidavit, the Clerk of Court shall enter judgment against Defendants, jointly and severally, in the amount stated in the affidavit.

8.     The Plaintiffs' counsel shall mail a copy of the Final Order to each of the Defendants at their last known address by both first class mail and by certified mail, return receipt requested.


                                        BY THE COURT:

DATED: 8-17-2012                        s/ Joan N. Ericksen
                                        Judge Joan N. Ericksen
                                        United States District Court